Lurton *v.* Gilliam *et al.*

JAMES H. LURTON, plaintiff in error *v.* WILLIAM GILLIAM and JAMES C. CHALLEN, defendants in error.

*Error to Morgan.*

Where a contract is joint, and only one of the makers are sued, the non-joinder of the other parties can be taken advantage of only by plea in abatement.

Where B. and L. purchased a piece of cloth at a store on credit, and at the time of the purchase a memorandum was made as follows: "If Mr. Douglass is elected to Congress, Brown is to pay for the cloth; if Mr. Stuart is elected, James Lurton has it to pay:" *Held* that the contract was in severalty. *Held*, also, that the contract for the sale of the cloth, was valid; and was not tainted by the bet of B. and L.

The State Register, being made by law the public paper in which the official acts of the Governor required to be made public, are published, is correctly admitted in evidence to prove the existence of facts stated in the Governor's Proclamation.

The Proclamation of the Governor declaring who is elected to Congress, is *prima facia* evidence of the facts therein stated.

Interest is recoverable upon an account for goods sold, from the time the amount is ascertained by the parties; and when a demand is sued before a justice of the peace and appealed to the Circuit Court, that Court may give judgment for more than the amount claimed before the justice, if the excess accrued by way of interest.

THIS was an action originally instituted before a justice of the peace of Morgan county. Judgment was rendered by the justice in favor of the plaintiffs, the defendants in this Court. The defendant appealed to the Circuit Court, where the cause was tried, and the judgment affirmed, at the June term, 1839, for $35,26 and costs, the Hon. Samuel H. Treat presiding. The cause was brought to this Court by writ of error.

Upon the trial in the Court below, the following bill of exceptions was taken:

"Be it remembered, that on the trial of this cause, the plaintiffs produced a witness who testified that when the goods were bought, a memorandum of the transaction was made upon the plaintiffs' books, and the clerk of the plaintiffs then produced a copy of the memorandum, which was filed, and is herewith made a part of the record in this cause:

'P. M. Brown & James Lurton
   To 2⅓ yards Fine Cloth, $12,    $28 00
    Trimmings for Coat,     6 00
                ——————
                $34 00

If Mr. Douglass is elected to Congress, P. M. Brown is to pay for the cloth; if Mr. Stuart is elected, James Lurton has it to pay.'

2w

Lurton *v.* Gilliam *et al.*

Whereupon the plaintiffs offered in evidence the State paper, and read therefrom the Proclamation of the Governor of Illinois, declaring the election of Stuart to Congress, which was objected to by the defendant, but admitted by the Court. The defendants then moved the Court to dismiss the suit, and reverse the judgment below, because the contract appeared to have been made between the defendant in connection with P. M. Brown, and the credit was given to the two, and not to either one of them, and because the plaintiffs appeared to be a party to the original bet or contract; all of which motions were overruled by the Court, and the Court proceeded to render judgment for the plaintiffs for the amount of the judgment below: To all of which opinions of the Court, the defendant, by his attorney, excepts, and prays that this, his bill of exceptions, may be signed, sealed, and made part of the record in this cause, and which is ordered to be done.

SAML. H. TREAT.  [L. S.]

The following errors were assigned :

"1st. The Court erred in refusing to dismiss the suit and reverse the judgment of the Court below, upon the motion of the defendant, Lurton.

2d. The Court erred in deciding that the plaintiff could sustain a suit against Lurton upon the contract proven, without joining Brown as co-defendant.

3d. The Court erred in rendering judgment upon the contract proven, the same being against good policy, unlawful and void, being a bet to which both plaintiff and defendant were parties.

4th. The Court erred in admitting the newspaper, called the State Register, to be read in evidence in this cause.

5th. The Court erred in rendering judgment for *thirty-five dollars* and *twenty-six cents,* when the plaintiff's account, filed and sued on, and his claim proven, only amounted to *thirty-four dollars.*

6th. The Court erred in rendering judgment for the plaintiff, against the defendant, upon the testimony adduced."

M. McCONNELL and J. A. McDOUGALL, for the plaintiff in error.

WM. BROWN, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:
In this case the grounds of error assigned and relied on, are,

1st. That Brown and Lurton should have been joined in the action, the credit being joint.

2d. That the defendants in error were parties to an illegal contract.

3d. That the evidence offered to prove the result of the election, being the State paper, was inadmissible as evidence.

4th. That the addition of interest to the principal, ought not to have been allowed.

The first objection is not good. If the parties were only jointly liable, the plaintiff in error should have pleaded that matter in abatement. But the contract was manifestly in severalty.

From the facts disclosed by the bill of exceptions, it appears that the contract for the cloth, although a contingent one as to the ultimate liability of the one or the other of the parties, was to be absolute, as to the party who should lose the bet. The purchase was made and the credit given, after the consummation of the bet.

It does not appear that the defendants in error were in any way parties to the bet, or encouraged it; and we do not perceive that their contract for the sale and delivery of the cloth, was tainted with a participation in the original agreement between the parties. Their mere knowledge of it could not certainly connect them with it; and having parted with their property under the arrangement, common honesty surely requires that the party at whose instance it was delivered, conformably to his agreement, should be held answerable for the value of the merchandise delivered. Money loaned to be used in gaming, could heretofore have been recovered back at common law, but it is now prohibited by the statute against gaming.(1)

It is not now necessary to go into the various reasons given for the decisions which have prevailed in courts, relative to gaming contracts, because this contract cannot be considered *contra bonos mores*, or against sound policy. The case in 4th Johnson, of Bum *v.* Rucker, has no affinity to the present action. The State Register, being made by law the public paper in which the official acts of the Governor required to be made public, are to be published, was evidence of the existence of the Proclamation, and the facts stated in it, until the contrary was shown. On the question of interest, we are of opinion that it was properly allowed. The statute giving interest on all liquidated accounts, embraces the case directly.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Tindall *v.* Meeker, *Ante* 137.

(1) R. L. 230; Gale's Stat. 320.